UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROSS BARTON,<br>　　#45287<br>　　　　Plaintiff,<br>vs.<br>NEVADA DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br>　　　　Defendants. | 2:11-cv-01536-PMP-RJJ<br><br>**SCREENING ORDER** |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, filed a civil rights complaint in state court, which defendants removed (ECF #s 1, 1-2, exhibit F). Also before the court is plaintiff's motion to remand to state court (ECF #6).

**I. Plaintiff's Motion to Remand**

A civil action brought in a state court may be removed by the defendant or defendants to a federal district court if the district court could have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have subject matter jurisdiction over civil actions arising under federal law. 28 U.S.C. § 1331. Plaintiff correctly argues that he had a right to file his action in state court. However, as will be discussed below, plaintiff's complaint alleges violation of his First Amendment right to be free from retaliation. Regardless of whether plaintiff preferred to litigate in state court, defendants were entitled to remove this action to federal court. Accordingly, plaintiff's motion to remand to state court is denied.

/ / /

1    The court now reviews plaintiff's complaint (ECF #1-2, ex. F)

**II. Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making

this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III. Instant Complaint**

Plaintiff, who is incarcerated at High Desert State Prison ("HDSP"), has sued the State of Nevada, the Nevada Department of Corrections (NDOC) and corrections officer Jack Starling. He alleges that Starling retaliated against him because he filed grievances against Starling.

As an initial matter, plaintiff has named as defendants the State of Nevada and NDOC. However, states are not persons for purposes of § 1983 actions, *see Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and a governmental agency that is an arm of the state is also not a person for purposes of § 1983 actions. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). A state's Department of Corrections is an arm of the state, and therefore cannot be sued in a § 1983 action for damages. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Moreover, Eleventh Amendment immunity bars § 1983 actions for damages against state agencies, as well as those where the state itself is named as a defendant, and where state officials are sued in their official capacity. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). As such, defendants State of Nevada and NDOC are dismissed with prejudice.

Plaintiff alleges that after he filed a grievance against Starling for mishandling inmate mail, Starling retaliated against him by returning his mail to sender or otherwise tampering with his mail–including legal mail–or throwing it away. He also claims that Starling searched his cell, confiscated authorized property, and filed disciplinary charges against him and that Starling indicated that he did so in retaliation for plaintiff's filing grievances against him.

"A prisoner suing prison officials under [§] 1983 for retaliation must allege that he [or she] was retaliated against for exercising his [or her] constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (*per curiam*); *see also Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Austin v. Terhune*, 367 F.3d 1167-1170-71 (9th Cir. 2004); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Vignolo v. Miller*, 120 F.3d 1075, 1077-78 (9th Cir. 1997); *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Such claims must be evaluated in the light of the deference that must be accorded to prison officials. *See Pratt*, 65 F.3d at 807; *see also Vance v. Barrett*, 345 F.3d 1083, 1093 (9th Cir. 2003). The prisoner must

1  submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional
2  rights and the allegedly retaliatory action. *Compare Pratt*, 65 F.3d at 807 (finding insufficient evidence)
3  with *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding sufficient evidence).
4  Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of
5  retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). Finally,
6  the prisoner must demonstrate that his First Amendment rights were actually chilled by the alleged
7  retaliatory action. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *see also Rhodes*, 408 F.3d
8  at 568 (explaining that, at the pleading stage, a prisoner is not required "to demonstrate a *total* chilling
9  of his [or her] First Amendment rights to file grievances and to pursue civil litigation in order to perfect
10 a retaliation claim. Speech can be chilled even when not completely silenced.") (emphasis in original);
11 *Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001) (holding that "repeated threats of transfer
12 because of [the plaintiff's] complaints about the administration of the [prison] library" were sufficient
13 to ground a retaliation claim). Plaintiff states a retaliation claim against remaining defendant Starling.

14 **IV. Conclusion**

15   **IT IS THEREFORE ORDERED** that the Clerk shall **DETACH** and **FILE** plaintiff's
16 complaint (ECF #1-2, exhibit F).

17   **IT IS FURTHER ORDERED** that all claims against the State of Nevada and the Nevada
18 Department of Corrections are **DISMISSED**. These defendants are dismissed from this action.

19   **IT IS FURTHER ORDERED** that plaintiff's retaliation claim against defendant Starling **MAY**
20 **PROCEED**.

21   **IT IS FURTHER ORDERED** that plaintiff's motion to remand to state court (ECF #6) is
22 **DENIED**.

23   **IT IS FURTHER ORDERED** as follows:

24   1.   Given the nature of the claims that the court has permitted to proceed, this action is
25        **STAYED** for ninety (90) days to allow plaintiff and defendant(s) an opportunity to settle
26        their dispute before an answer is filed or the discovery process begins. During this

ninety-day stay period, no other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery. The court will decide whether this case will be referred to the court's Inmate Early Mediation Program, and the court will enter a subsequent order. Regardless, on or before ninety (90) days from the date this order is entered, the Office of the Attorney General shall file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior the end of the 90-day stay. If the parties proceed with this action, the court will then issue an order setting a date for the defendants to file an answer or other response. Following the filing of an answer, the court will issue a scheduling order setting discovery and dispositive motion deadlines.

2. "Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

3. The Clerk shall electronically **SERVE** a copy of this order and a copy of plaintiff's complaint on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp.

4. The Attorney General's Office shall advise the Court within twenty-one (21) days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of the defendants for the purpose of settlement. No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

**IT IS SO ORDERED.**

DATED: November 8, 2011.

_____
UNITED STATES DISTRICT JUDGE

1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                           **DISTRICT OF NEVADA**
6
7                                           )      3:00-CV-0000-____ (____)
                                            )
8              Plaintiffs,                  )
                                            )      **REPORT OF THE OFFICE OF THE**
9      vs.                                  )      **ATTORNEY GENERAL RE:**
                                            )      **RESULTS OF THE 90-DAY STAY**
10                              , et al.,   )
                                            )
11             Defendants.                  )
       _____)
12

13 **NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**
14
       On _____ [*the date of the issuance of the screening order*], the Court issued its
15
   screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that
16
   certain specified claims in this case would proceed.  The court ordered the Office of the Attorney
17
   General of the State of Nevada to file a report ninety (90) days after the date of the entry of the court's
18
   screening order to indicate the status of the case at the end of the 90-day stay.  By filing this form, the
19
   Office of the Attorney General hereby complies.
20
                                            REPORT FORM
21
   [Identify which of the following two situations (identified in bold type) describes the case, and follow
22 the instructions corresponding to the proper statement.]

23 **Situation One: Mediated Case: The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill
24 in any additional information as required, then proceed to the signature bloc.]

25         ____   A mediation session with a court-appointed mediator was held on _____
                  [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork*
26                *to memorialize the settlement remains to be completed*).  (*If this box is checked, the*
                  *parties are on notice that they must SEPARATELY file either a contemporaneous*

                                                    7

*stipulation of dismissal or a motion requesting that the court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.)*

\_\_\_\_  A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the court of its intent to proceed with this action.

\_\_\_\_  No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. *(If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.)*

\_\_\_\_  No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

\_\_\_\_  No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

\_\_\_\_  None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

* * * * *

**Situation Two: Informal Settlement Discussions Case: The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations**. [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature bloc.]

\_\_\_\_  The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). *(If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.)*

\_\_\_\_  The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the court of its intent to proceed with this action.

\_\_\_\_  The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

/ / /

/ / /

/ / /

/ / /

8

1  \_\_\_\_  None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____     _____
                                  Print                                                    Signature

Address:     _____     Phone: _____

             _____     Email: _____

             _____